IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WILLIAM M. RIVERA | * | |
| Plaintiff, | * | Civil No.: BPG-19-3598 |
| v. | * | |
| HOWARD COUNTY PUBLIC SCHOOLS | * | |
| Defendant | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Currently pending before the court are defendant's Motion to Dismiss ("Motion") (ECF No. 19), pro se plaintiff's Second Revised Response to defendant's Motion to Dismiss ("Response") (ECF No. 36), and defendant's Reply Memorandum in Support of defendant's Motion to Dismiss ("Reply") (ECF No. 29). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, defendant's Motion to Dismiss (ECF No. 19) is granted.

**I.    BACKGROUND**

In ruling on a motion to dismiss, this court considers the facts and draws all reasonable inferences in the light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). The following facts are alleged by plaintiff in his complaint. (ECF No. 1). Plaintiff, a person who is "perceived Hispanic" and was born in 1956, applied for teaching positions with defendant several times between 2010 and 2019 and defendant failed to hire him. (Id. at 5-6). In September 2019, a high school principal within the defendant school system offered

to interview plaintiff for a teaching position, but defendant's Human Resources department did not conduct a required screening interview. (Id.; ECF No. 36 at 4). In March 2020, plaintiff wrote a letter of interest to defendant's Human Resources department. (ECF No. 36 at 3). In June 2020, however, defendant denied plaintiff's request for a screening interview. (Id. at 4). Plaintiff states that younger candidates not of Hispanic origin, who had inferior credentials and less experience, were hired by defendant after his application. (ECF No. 1 at 6).

On December 19, 2019, plaintiff filed his complaint against defendant, bringing claims of national origin discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as well as 42 U.S.C. § 1983. (ECF No. 1 at 4). Defendant moves to dismiss plaintiff's complaint. (ECF No. 19-1).

## II.     STANDARD OF REVIEW

The purpose of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is "to test the legal sufficiency of a complaint." Edwards, 178 F.3d at 243. When ruling on such a motion, the court must "accept[] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable factual inferences from those facts in the plaintiff's favor." Id. at 244. Nonetheless, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Rather, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff satisfies this standard not by forecasting

evidence sufficient to prove the elements of the claim, but by alleging sufficient facts to establish those elements. Walters, 684 F.3d at 439. Accordingly, "while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570).

### III. DISCUSSION

Defendant makes three arguments regarding the insufficiency of plaintiff's claims: 1) defendant is not subject to suit pursuant to 42 U.S.C. § 1983; 2) plaintiff's claims before November 28, 2018 are time-barred; and 3) plaintiff fails to state a claim for national origin or age discrimination. (ECF No. 19-1).

First, defendant argues that it cannot be subject to suit under 42 U.S.C. § 1983 ("§ 1983") because "this [c]ourt has consistently held that county boards of education in Maryland, such as the Board here, are state agencies and therefore protected by immunity from suit under [§] 1983." Wood v. Bd. of Educ. of Charles Cnty., No. GJH-16-239, 2016 WL 8669913, at *5 (D. Md. Sept. 30, 2016). In his opposition, plaintiff notes that, even though his complaint identifies "1983" as one of the bases for his discrimination action, he is not bringing a claim under § 1983. (ECF No. 36 at 1). Therefore, to the extent plaintiff asserted a § 1983 claim, the claim has been abandoned. Moreover, even if that claim had not been abandoned, any claims asserted against defendant based upon § 1983 fail to state a claim upon which relief may be granted. See Wood, 2016 WL 8669913, at *5.

Defendant next argues that plaintiff's claims for discriminatory actions that occurred more than 300 days before plaintiff filed his EEOC complaint are time-barred. (ECF No. 19-1 at 5-6).

3

"As a general rule, a complainant must file a discrimination charge with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice." EEOC v. Com. Off. Prods. Co., 486 U.S. 107, 110 (1988). "This period is extended to 300 days in a deferral state, one in which 'state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency.'" Valderrama v. Honeywell Tech. Sols., Inc., 473 F. Supp.2d 658, 662 n.4 (D. Md. 2007) (quoting Williams v. Giant Food Inc., 370 F.2d 423, 428 (4th Cir. 2004)). Maryland is a deferral state[1] and, therefore, an EEOC complaint can be filed for discrimination that occurred within the 300 days preceding the complaint. In this case, plaintiff filed his EEOC charge on September 17, 2019 and 300 days prior to this date is November 21, 2018. (ECF No. 1 at 6).

Plaintiff states in his complaint that defendant failed to hire him from 2010-2019. (ECF No. 1 at 5). Plaintiff maintains that "[t]he purpose of mentioning the failure to hire events . . . that plaintiff experienced from 2010 to 2018 is not intended to support a legal argument but rather to demonstrate a continuing pattern of [institutional] discrimination." (ECF No. 36 at 2). Yet, "[d]iscrete acts such as . . . refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' [Plaintiff] can only file a charge to cover discrete acts that 'occurred' within the appropriate time period." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). Therefore, although plaintiff maintains that these multiple failures to hire by defendant are indicative of a pattern of discrimination, they are considered discrete acts and the 300-day time

---

[1] Maryland's deferral agency, the Maryland Commission on Human Relations (MCHR), "has a work sharing agreement with the EEOC whereby a claim filed before one commission is effectively filed before both." Valderrama, 473 F. Supp. 2d at 662, n.4 (citing 29 C.F.R. § 1601.74).

period applies.  Accordingly, any claims that plaintiff may have brought regarding defendant's failure to hire prior to November 21, 2018 are time-barred and, therefore, are dismissed with prejudice.

Finally, defendant asserts that plaintiff fails to state a claim for national origin and age discrimination.  (ECF No. 19-1 at 6-13).  Without direct evidence, plaintiff must allege four elements to establish a prima facie case of national origin discrimination pursuant to Title VII: "(1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination."  Brown v. McLean, 159 F.3d 898, 902 (4th Cir. 1998) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll., 928 F.2d 118, 121 (4th Cir. 1991)).  The same analysis applies to plaintiff's claim of age discrimination pursuant to the ADEA, except for the fourth element.  For the fourth element of plaintiff's age discrimination claim, plaintiff must provide evidence that "the position remained open or was filled by a similarly qualified applicant who was substantially younger than the plaintiff."  Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006).  Plaintiff must also allege "that age was the 'but-for' cause of the employer's adverse action."  Vaziri v. Levindale Hosp./Life Bridge Health, No. ELH-17-1553, 2019 WL 529269, at *13 (D. Md. Feb. 8, 2019) (quoting Gross v. FLB Fin. Servs., Inc., 557 U.S. 167, 177 (2009)).

At the motion to dismiss stage, a plaintiff need not establish a prima facie case of discrimination under the McDonnell Douglas burden shifting framework because the "prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement."  Swierkiewicz v. Sorema, 534 U.S. 506, 510 (2002).  The Fourth Circuit has made clear that "although a plaintiff 'need not plead facts sufficient to establish a prima facie case

of . . . discrimination to survive a motion to dismiss,' the 'pleading standard established in Iqbal and Twombly applies[.]'" Aletum v. Kuehne + Nagel Co., Civil No. ELH-19-1972, 2020 WL 1955553, at *10 (D. Md. Apr. 23, 2020) (quoting Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017)). Therefore, "the question at the motion to dismiss stage is whether the plaintiff has stated 'a plausible claim for relief.'" Id. (quoting Ciociola v. Balt. City Bd. of Sch. Comm'rs, Civil No. CCB-15-1451, 2016 WL 125597, at *4 (D. Md. Jan. 12, 2016)).

     Here, defendant does not dispute that plaintiff has included sufficient facts in his complaint regarding the first two McDonnell Douglas elements for both plaintiff's national origin and age discrimination claims. The third element requires that plaintiff be qualified for the position. Plaintiff's complaint simply alleges that defendant hired candidates "with inferior credentials and less experience." (ECF No. 1 at 6). While plaintiff details his academic credentials in his Response (ECF No. 36), he does not do so in his complaint and, therefore, the court cannot consider these additional details. Mylan Lab'ys., Inc. v. Akzo, N.V., 770 F. Supp. 1053, 1068 (D. Md. 1991) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)). Without additional facts to support plaintiff's assertion in his complaint that the candidates hired by defendant had inferior credentials and less experience, plaintiff has failed to sufficiently plead that he was qualified for the position. Prasad v. DeJoy, No. RDB-18-3946, 2020 WL 5544194, at *7 (D. Md. Sept. 16, 2020) (dismissing plaintiff's claim in part because "[p]laintiff alleges nothing about his own qualifications for the position"); Sewell v. Westat, No. RWT-16-158, 2016 WL 6600533, at *3 (D. Md. Nov. 8, 2016), aff'd 689 F. App'x 211 (4th Cir. 2017) ("Plaintiff only states conclusorily that she was 'qualified for every position for which [she] applied.' This allegation, devoid of further support, is insufficient to . . . survive a Rule 12(b)(6) motion to

6

dismiss."). Accordingly, plaintiff failed to satisfy the third element for both his national origin and age discrimination claims.

With respect to the fourth element for plaintiff's national origin discrimination claim, plaintiff must allege facts supporting the allegation that "he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." Brown, 159 F.3d at 902. "To survive a motion to dismiss, the complaint must set forth specific facts giving rise to an inference of discrimination; conclusory allegations of discrimination are insufficient." Ferdinand-Davenport v. Children's Guild, 742 F. Supp. 2d 772, 782 (D. Md. 2010) (citing Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990)). Here, plaintiff's complaint includes only conclusory allegations that defendant's rejections of plaintiff's applications "were discriminatory," that "candidates not of Hispanic origin were hired," and that a principal "was willing to interview me but [Human Resources] did not approve." (ECF No. 1 at 6). Plaintiff's allegation that defendant hired people outside of plaintiff's national origin does not, without supporting specific facts, give "rise to an inference of unlawful discrimination." Brown, 159 F.3d at 902; see Freeman v. Beverly, No. PX-19-1784, 2020 WL 2747392, at *5 (D. Md. May 27, 2020) ("[S]imply because [plaintiff] is a member of a protected class and was not hired, alone, cannot sustain a discrimination claim."); Pugh v. Bd. of Educ. of Montgomery Cnty., No. DKC-16-3816, 2017 WL 1344493, at *6 (D. Md. Apr. 12, 2017) ("Plaintiff makes broad, conclusory allegations that she was not hired because of her race, but she has alleged no facts in support of those conclusions."). As defendant states, "plaintiff does not identify the successful applicants for the positions he sought; he does not identify the national origin/race . . . of the successful applicants; . . . and he makes no factual allegations of discriminatory animus on the part of any hiring official." (ECF No. 19-1 at 7-8). Given these missing facts, plaintiff has failed to "show [that] his application was rejected for

unlawful reasons." Prasad v. DeJoy, No. RDB-18-3946, 2020 WL 5544194, at *7 (D. Md. Sept. 16, 2020).

Further, to the extent that plaintiff claims that these "candidates not of Hispanic origin" are comparators, his conclusory allegations are inadequate. "'Where a plaintiff attempts to rely on comparator evidence to establish circumstances giving rise to an inference of unlawful discrimination,' the plaintiff must demonstrate that the comparator is similarly situated in all relevant respects." Ryan v. McAleenan, No. ELH-19-1968, 2020 WL 1663172, at *18 (D. Md. Apr. 3, 2020) (quoting Swaso v. Onslow Cnty. Bd. of Educ., 698 F. App'x 745, 748 (4th Cir. 2017)). Here, plaintiff's complaint offers no detail whatsoever as to why these comparators are similarly situated to him.[2] As a result, due to the lack of factual support that plaintiff was rejected for the position with defendant under circumstances giving rise to an inference of unlawful discrimination, plaintiff has failed to satisfy the fourth element of his national origin discrimination claim.

Finally, with respect to the fourth element of plaintiff's age discrimination claim, plaintiff must allege facts showing that the position remained open or that defendant hired a person who was "similarly qualified" and "substantially younger" than plaintiff to fill the position. Laber, 438 F.3d at 430. Plaintiff must also allege facts to indicate that plaintiff's age was the "but for" cause of defendant's decision not to hire him. Vaziri, 2019 WL 529269, at *13. Here, plaintiff alleges that defendant hired younger candidates, but provides no further detail; therefore, the court cannot

---

[2] Plaintiff's attempt to rely on the "statistics" cited in his Response is unavailing. First, these statistics do not appear in the complaint. But more importantly, these statistics indicate that defendant hired and promoted teachers over the age of 50, teachers who had more than 15 years of experience, and teachers who were Hispanic. (ECF No. 36 at 7). As defendant indicates, these statistics "appear to undermine the plaintiff's allegations of discrimination," as they show that defendant has hired teachers within plaintiff's protected groups. (ECF No. 29 at 3 n.1).

unlawful reasons." Prasad v. DeJoy, No. RDB-18-3946, 2020 WL 5544194, at *7 (D. Md. Sept. 16, 2020).

Further, to the extent that plaintiff claims that these "candidates not of Hispanic origin" are comparators, his conclusory allegations are inadequate. "'Where a plaintiff attempts to rely on comparator evidence to establish circumstances giving rise to an inference of unlawful discrimination,' the plaintiff must demonstrate that the comparator is similarly situated in all relevant respects." Ryan v. McAleenan, No. ELH-19-1968, 2020 WL 1663172, at *18 (D. Md. Apr. 3, 2020) (quoting Swaso v. Onslow Cnty. Bd. of Educ., 698 F. App'x 745, 748 (4th Cir. 2017)). Here, plaintiff's complaint offers no detail whatsoever as to why these comparators are similarly situated to him.[2] As a result, due to the lack of factual support that plaintiff was rejected for the position with defendant under circumstances giving rise to an inference of unlawful discrimination, plaintiff has failed to satisfy the fourth element of his national origin discrimination claim.

Finally, with respect to the fourth element of plaintiff's age discrimination claim, plaintiff must allege facts showing that the position remained open or that defendant hired a person who was "similarly qualified" and "substantially younger" than plaintiff to fill the position. Laber, 438 F.3d at 430. Plaintiff must also allege facts to indicate that plaintiff's age was the "but for" cause of defendant's decision not to hire him. Vaziri, 2019 WL 529269, at *13. Here, plaintiff alleges that defendant hired younger candidates, but provides no further detail; therefore, the court cannot

---

[2] Plaintiff's attempt to rely on the "statistics" cited in his Response is unavailing. First, these statistics do not appear in the complaint. But more importantly, these statistics indicate that defendant hired and promoted teachers over the age of 50, teachers who had more than 15 years of experience, and teachers who were Hispanic. (ECF No. 36 at 7). As defendant indicates, these statistics "appear to undermine the plaintiff's allegations of discrimination," as they show that defendant has hired teachers within plaintiff's protected groups. (ECF No. 29 at 3 n.1).

determine whether these candidates were "similarly qualified" and/or "substantially younger" than plaintiff.  Plaintiff also fails to allege that he would have been hired "but for" his age.  See Freeman, 2020 WL 2747392, at *5.  Defendant "has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria," Texas Dept. of Cmty. Affs. v. Burdine, 450 U.S. 248, 259 (1981), and plaintiff has failed to include facts to make a plausible showing of defendant's use of unlawful criteria.  Therefore, plaintiff has failed to satisfy the fourth element of his age discrimination claim.

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim, as plaintiff has failed to plead the third and fourth required elements of the McDonnell Douglas framework for both his national origin and age discrimination claims.  These claims, for actions that occurred within the 300 days prior to plaintiff's EEOC complaint, will be dismissed without prejudice.

### IV.    CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss (ECF No. 19) is GRANTED.  Plaintiff's claims pursuant to 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE.  Plaintiff's national origin discrimination claim pursuant to Title VII and age discrimination claim pursuant to the ADEA are DISMISSED WITH PREJUDICE for events occurring prior to November 21, 2018.  Plaintiff's national origin and age discrimination claims are DISMISSED WITHOUT PREJUDICE for events occurring after November 21, 2018.  A separate order will be issued.

June 3, 2021                                              /s/
                                                    Beth P. Gesner
                                                    Chief United States Magistrate Judge